IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **HENRY H. BETTISIII,** *Plaintiff,* | § § § § § § § § § | CIVIL NO. 6-19-CV-00461-ADA |
| **v.** | | |
| **THE CITY OF BELTON TEXAS POLICE DEPARTMENT,** *Defendant* | | |

## ORDER ADOPTING MAGISTRATE REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 22. The report recommends that Plaintiff Henry H. Bettis's Complaint be dismissed for failure to state a claim if Plaintiff did not adequately amend his Complaint by March 23, 2020. The action was referred to the Magistrate Judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Report and Recommendation was filed on March 9, 2020.

### I. BACKGROUND

The present suit grows out of Plaintiff's interactions with the Belton Police Department during the execution a search warrant of Plaintiff's home and Plaintiff's subsequent arrest. *See* Pl.'s Compl. at 2–3. Although Plaintiff's Complaint is devoid of any explanation as to why the underlying search warrant was issued, Defendant's Motion to Dismiss provides some much-needed clarity: Plaintiff's home was searched because, and Plaintiff was subsequently indicted for, allegedly filming one of his female tenants using the bathroom. Def.'s Mot. to Dismiss, Ex. A. Plaintiff brought suit on August 5, 2019 under 42 U.S.C. § 1983 for illegal search and seizure,

1

illegal detainer and arrest, abuse of power and profiling, harassment, and theft of personal property. *See* Pl.'s Am. Compl., ECF No. 23. Defendant moved to dismiss the suit on January 10, 2020. Def.'s Mot. to Dismiss. To date, Plaintiff has not responded to Defendant's Motion.

Plaintiff filed his Amended Complaint on March 23, 2020, with very few modifications from his original complaint. *See* Pl.'s Am. Compl, Plaintiff altered the named Defendants in suit; however, he alleges the same factual allegations he previously filed with the Court. *Id.*

## II. LEGAL STANDARD

A party may file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Longoria v. San Benito Independent School District*, 2019 WL 5687512, at * 8 (5th Cir. 2019).

However, objections that are merely perfunctory responses to the report and seek to rehash the same arguments set forth in the original papers before the magistrate judge do not suffice to invoke *de novo* review. *Phillips v. Reed Group, Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013); *U.S. v. Natividad-Garcia*, 560 F. Supp. 2d 561, 563 (W.D. Tex. 2008) (stating that the district court need not consider frivolous, conclusory, or general objections to a magistrate judge's report). Plaintiff filed Objections to the Report and Recommendation on March 24, 2020. ECF No. 24. The Court has serious doubts about whether Plaintiff's Objections

2

rise to the level of specificity required to invoke this Court's *de novo* review. However, out of an abundance of caution, the Court reviews the Magistrate's Report *de novo*.

### III. ANALYSIS

**A. Plaintiff's Objections are Overruled.**

Plaintiff seems to raise five objections to the Magistrate's Report. The Court will briefly address each objection in turn.

Plaintiff first argues that in the "Background" section of the Magistrate's Report, the Magistrate erroneously cited a similar Section 1983 action filed by the Plaintiff some years before the filing of this case. *See* Pl.'s Obj. at 1. Plaintiff further contends that because the Magistrate cited the similar Section 1983 action, and other cases filed by Plaintiff, it is "further representation of [the Magistrate's] personal opinion and prejudice of the Plaintiff." *Id.*

Plaintiff's objection to the background section of the Magistrate's Report is overruled for the following reasons. First and foremost, an objection to the background section of a report and recommendation has no bearing on the merits of the report. Such an objection is not a "specific written [objection] to the proposed findings and recommendations" of the Magistrate. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). Additionally, the Magistrate was simply providing background to the present action, and it in no way impacted the Magistrate's recommendation. Therefore, Plaintiff's first objection is overruled.

Plaintiff's next objection, if it could even be considered an objection, states that the "magistrate cites that Plaintiff failed to state a claim to which upon which [sic] relief may be granted. Review of the complaint will show that in section II, Statement of claim, the facts are clearly stated with times and dates." Because this objection is not specific and relates to no finding (other than generally), the Court overrules this objection. *See U.S. v. Natividad-Garcia*,

560 F. Supp. 2d at 563 (the district court need not consider frivolous, conclusory, or general objections to a magistrate judge's report).

Plaintiff again makes a general objection concerning the "discussion" section of the Magistrate's Report. Pl.'s Obj. at 1. Plaintiff contends that certain statements of the Magistrate are mere "opinions" and that such remarks "can raise reasonable cause to support conflict of interest and doubt that this judge could be completely impartial and fair in hearing or participating in this matter." *Id.* Plaintiff also argues that it is the "responsibility of the jury to decide if the merits are sufficient to prove the claim and award relief." *Id.* Plaintiff then goes on to cite the United States Code of Conduct for United States Judges, specifically, Cannon 3. *Id.*

After reviewing the "objection," the Court finds that it should be overruled. First, Plaintiff has not shown any reasonable basis for arguing that the Magistrate is impartial. In fact, Plaintiff's only argument that the Magistrate is biased is the simple fact that Plaintiff disagrees with the outcome of the Magistrate's Report. However, such an argument is not an objection that this Court must consider. Moreover, after conducting a thorough review of Plaintiff's Complaint, the Court agrees with the Magistrate's analysis that Plaintiff's complaint should be dismissed.

Plaintiff's final objection is that the Magistrate lacks jurisdiction to adjudicate this matter. Pl.'s Obj. at 2. Plaintiff additionally argues that he would not have given his "consent" for the Magistrate to rule on Defendant's Motion to Dismiss. *Id.*

The Magistrate has jurisdiction over the issue pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Therefore, Plaintiff's consent is not required, and Plaintiff's objection to the Magistrate's jurisdiction is overruled.

## B. Plaintiff's Amended Complaint Fails to State a Claim

The Magistrate's Report recommended dismissing Plaintiff's Complaint unless he refiled an adequately pleaded complaint no later than March 23, 2020. R & R at 1. Plaintiff timely filed his Amended Complaint. ECF No. 23. However, Plaintiff failed to fix the deficiencies present in his original complaint, as discussed by the Magistrate.

The United States Supreme Court applies a more liberal standard when, as here, it evaluates a 12(b)(6) motion and the plaintiff is pro se. *See Rickson v. Pardus*, 551 U.S. 90, 93 (2007). "[A] pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). Plaintiff's Amended Complaint, however, fails to meet even this minimal burden.

Although Plaintiff attempted to fix the entities he named as Defendants in this suit, Plaintiff did not amend any of the factual allegations he made against Defendants. *Compare* Pl.'s Compl. at 2–3 *with* Pl.'s Am. Compl. at 2–3. As he did in his Complaint, Plaintiff has simply listed five conclusory allegations against Defendants. Plaintiff's "State of Claim" Section of his Amended Complaint fails to articulate which aspect of the factual recitation raises these alleged violations. Pl.'s Am. Compl. at 2–3. Therefore, even under the liberal pro se pleading standards, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Estelle*, 429 U.S. at 106.

## IV. CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation of the U.S. Magistrate Judge (ECF No. 22).

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** (ECF No. 23).

**SIGNED** this 27th day of March 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE